**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AMIR REID,<br><br>Plaintiff,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS,<br><br>Defendants. | Civil Action No. 26-14295 (GC) (RLS)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

Plaintiff is proceeding *pro se* with a civil rights complaint under 28 U.S.C. § 1983. (ECF No. 1.) Plaintiff also has submitted an application to proceed *in forma pauperis* ("IFP"). (*Id.*; ECF No. 1-1 ("IFP Application").) Plaintiff is currently incarcerated at South Woods State Prison, Bridgeton, New Jersey. (*See* ECF No. 1 at 9.) However, Plaintiff did not use the form mandated by the Court to be used by a prisoner applying to proceed IFP in a civil rights case, *i.e.,* form DNJ-Pro Se-007-A-(Rev.12/2023). Accordingly, the Court will administratively terminate this action and provide Plaintiff with 30 days to submit a complete IFP application, on the proper form and including a certified account statement, or pay the $405.00 fee.

The Prison Litigation Reform Act of 1995 ("PLRA"), which amended 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action IFP. Under the PLRA, a prisoner bringing a civil action IFP must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account

statement for the six-month period immediately preceding the filing of his complaint. *Id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

The entire fee to be paid in advance of filing a civil complaint is $405. That fee includes a filing fee of $350 plus an administrative fee of $55, for a total of $405. A prisoner who is granted IFP status will, instead, be assessed a filing fee of $350 and will not be responsible for the $55 administrative fee. If IFP status is denied, the prisoner must pay the full $405, including the $350 filing fee and the $55 administrative fee, before the complaint will be filed.

If the prisoner is granted IFP status, the prisoner must pay the full amount of the $350 filing fee as follows. *Id.* § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. *Id.* 1915(b)(2).

Plaintiff may not have known when he submitted his Complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B); *see also id.* § 1915A(b). If the Court dismisses the case for any of these reasons, the PLRA does not permit the prisoner to get his filing fee back.

If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action IFP unless he is in imminent danger of serious physical injury. *Id.* § 1915(g).

Here, Plaintiff has not paid the $405 fee. Plaintiff has submitted an IFP Application; however, Local Civil Rule 81.2 states that "[t]he affidavit and certification shall be in the forms attached to and made a part of these as Appendix P." Plaintiff did not use the form mandated by the Court to be used by a prisoner applying to proceed IFP in a civil rights case, *i.e.,* form DNJ-Pro Se-007-A-(Rev.12/2023). Plaintiff instead appeared to use form DNJ-ProSe-006-07-(06/98). The Court will therefore administratively terminate this action without directing the Clerk of the Court to file the Complaint or assess a fee. If Plaintiff wishes to reopen this action, he must submit a proper IFP application *or* pay the $405.00 fee within 30 days.

**IT IS**, therefore, on this day 6th of November, 2026, **ORDERED** as follows:

The Clerk shall **ADMINISTRATIVELY TERMINATE** this matter, without filing the Complaint or assessing a fee; Plaintiff is advised that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs . . . ."); and it is further

**ORDERED** that, if Plaintiff wishes to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within 30 days of the date of entry of this Memorandum and Order; Plaintiff's writing shall include either (i) a complete, signed IFP application on form DNJ-

Pro Se-007-A-(Rev.12/2023), including a *certified* six-month prison account statement, or (ii) the full $405 fee including the $350 filing fee plus the $55 administrative fee;; and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either (i) a complete, signed IFP application on form DNJ-Pro Se-007-A-(Rev.12/2023), including a certified six-month prison account statement, or (ii) the full $405 fee including the $350 filing fee plus the $55 administrative fee, the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERED** that Plaintiff is reminded of his individual obligation to update his individual mailing addresses pursuant to Local Civil Rule 10.1(a)—to the extent the Plaintiff's address has changed since filing this action, he must notify the Clerk of the Court of the same; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order and a blank form DNJ-Pro Se-007-A-(Rev.12/2023) upon Plaintiff by regular U.S. mail.

GEORGETTE CASTNER
United States District Judge